UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00091-JHM

BOBBY EUGENE ARNETT                                     PLAINTIFF

v.

MIKE LEWIS, *et al.*                                         DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the Defendants' Motion for Summary Judgment [DN 17]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion for Summary Judgment is **GRANTED**.

**I. BACKGROUND**

Within the Hopkins County Jail, Bobby Eugene Arnett ("Arnett"), a pretrial detainee, fears two environmental health concerns: COVID-19 and black mold. [DN 1 at 1]. With the COVID-19 virus still looming over society, Arnett alleges jail officials disregard social distancing protocols and deny inmates masks. [*Id.* at 4–5]. Similarly, he alleges black mold infests the facility's showers, beds, and ventilation. [*Id.*].

Throughout his detention, Arnett has notified the staff of these perceived health problems. Through the inmate request kiosk, he has requested cleaning rags, better disinfectant spray, and face masks. [DN 19 at 4–9]. In response, facility staff directed officers to inspect the cells and provide scrubbing materials. [*Id.* at 7–9]. According to the Hopkins County Jailer, Mike Lewis ("Lewis"), Arnett also filed a formal grievance for the black mold in August 2021. [DN 17-2 at ¶¶5–6]. After receiving Arnett's grievance, officials "determined through

1

inspection [that] no black mold was present in the Hopkins County Jail." [*Id.* at ¶9]. Arnett never submitted a grievance for COVID-19-related issues. [*Id.* at ¶6].

In this action, Arnett alleges Lewis, the Hopkins County Jail, and Deputies Brandon Lampton, Clinton Linder, and Justin Hunt ("the Defendants") violated 28 U.S.C. §1983 by disregarding inmates' health and wellbeing. [DN 1 at 5]. In a previous order, the Court dismissed the Hopkins County Jail as a defendant. [DN 6]. Arnett sues the remaining Defendants in their official and individual capacities. [DN 1 at 2]. The Defendants filed a Motion for Summary Judgment on this claim. [DN 17].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not

establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion"). However, statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III. DISCUSSION

Under § 1983, Arnett alleges the Defendants violated the Eighth Amendment by disregarding his health and safety.[1] *See* [DN 1]; [DN 19]. The Defendants raise multiple defenses against this claim. The Court need only address one.

The Prison Litigation Reform Act ("PLRA") bars a prisoner from bringing an action

---

[1] Both parties discuss this case in Eighth Amendment terms. Since Arnett is a pretrial detainee, however, the Fourteenth Amendment applies. *See Westmoreland v. Butler Cnty. Kentucky*, 29 F.4th 721, 727 (6th Cir. 2022) ("The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees.").

3

under §1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court has said, "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)) (internal citation omitted). Therefore, the Court must examine the Hopkin County Jail's grievance procedure.

Lewis's affidavit outlines this grievance process. *See* [DN 17-2 at ¶7]. First, an inmate must file a grievance. [*Id.*]. Facility staff must respond within ten days, or the prisoner may deem the grievance denied. [*Id.*]. If the staff denies the grievance, an inmate may submit an appeal. [*Id.*]. To fully exhaust the grievance process, an inmate must appeal his denial three times—to the administrative sergeant, captain, and jailer. [*Id.*]. All appeals must occur within forty-eight hours of the facility's final determination. [*Id.*].

Arnett failed to complete this process. The evidence shows Arnett submitted an initial grievance for black mold. [*Id.* at ¶5]. From there, facility staff denied the grievance, Arnett appealed, and the staff again rejected Arnett's grievance. [*Id.*]. But, as Lewis's affidavit notes, Arnett never filed a second (or third) appeal, as the grievance process requires. [*Id.* at ¶7]. Arnett's Response does not provide any evidence or argument to rebut this fact. *See generally* [DN 19]. The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies . . . when the inmate filed such a grievance but 'did not appeal the denial of that complaint to the highest possible administrative level.'" *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (quoting *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)), *overruled in part on other grounds by Woodford*, 548 U.S. at 87. In *Barassi v. Lewis*, the Sixth

4

Circuit affirmed this Court's grant of summary judgment against an inmate who failed to complete this same policy's three-stage grievance appeal process. No. 18-6255, 2019 WL 6507856, at *2 (6th Cir. June 18, 2019). Thus, Arnett's oversight proves fatal to his case.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendants' Motion for Summary Judgment [DN 17] is **GRANTED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

August 4, 2022

cc: Bobby Eugene Arnett, *pro se*
     Counsel of Record